# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-439V
UNPUBLISHED

| | |
|---|---|
| JENNIFER VENIER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: June 17, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Kyle Edward Pozza*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On March 25, 2019, Jennifer Venier filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered injuries, including Shoulder Injury Related to Vaccine Administration (SIRVA), resulting from adverse effects of an influenza (flu) vaccination she received on September 29, 2017. Petition at 1. Petitioner also alleges that the vaccine caused Petitioner to develop Complex Regional Pain Syndrome (CRPS). *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 16, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1.  Specifically, Respondent states that it is his "position that [P]etitioner has satisfied the criteria set forth in the Vaccine Injury Table (Table) and the Qualifications and Aids to Interpretation (QAI); [P]etitioner had no history of pain, inflammation or dysfunction in her left shoulder; her pain and reduced range of motion occurred within 48 hours of receipt of an intramuscular vaccination; her symptoms were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain her initial symptoms."  *Id.* at 7.  Respondent further agrees that the scope of damages to be awarded is limited to Petitioner's SIRVA and its related sequelae only.  *Id.*  Respondent specifies that he does not view any injury claim of CRPS as sequelae of or related to Petitioner's SIRVA.  *Id.* n.1.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master